IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

KEVIN HUMMER,

                            Plaintiff,                      Case No. 3:04 CV 7067

    -vs-

                                                      <u>MEMORANDUM   OPINION</u>

DETECTIVE KLEMAN, et al.,

                            Defendant.

KATZ, J.

       This action is before the Court on Defendant's objections to the August 24, 2005 Report and Recommendation ("R & R") of United States Magistrate Judge Vernelis K. Armstrong. Plaintiff filed no opposition to Defendants' motion for summary judgment and no opposition to the objection to the R & R.   In accordance with *Hill v. Duriron Co.*, 656 F.2d 1208 (6th Cir. 1981), and 28 U.S.C. § 636(b)(1)(B) & (C), this Court has made a *de novo* determination of the Magistrate's findings.

       This is a prisoner civil rights case which was filed pursuant to 42 U. S. C. § 1983 and referred to the Magistrate Judge for Report and Recommendation.  In her well-reasoned R & R the Magistrate Judge recommended granting of the motion for summary judgment and dismissal of the case as to all Defendants.  The factual and procedural background of this case are well set forth in the Magistrate Judge's R & R and will not be repeated here except as necessary.  While the Magistrate Judge found and recommended that the Court find that Defendant Kleman's conduct did not violate clearly established law and that there is no evidence that the Officer's use of force was unreasonable and entitled Defendant Kleman to qualified immunity, she did conclude

that "[I]t is clear from the Sixth Circuit's analysis in various decisions and considering the *Graham* factors and a favorable view of Plaintiff's allegations, that Defendant Kleman violated Plaintiff's Fourth Amendment right to be free from excessive force." (R & R at p. 10). From that conclusion the objections by the Defendants have emanated. The Magistrate Judge also found that Plaintiff has failed to identify a municipal policy demonstrating that Defendant Lima Police Department had a custom of affirmatively condoning the use of excessive force nor did Plaintiff make a showing that there was improper training of the Lima Police Department's personnel.

This Court will adopt all of the Magistrate Judge's recommendations in the R & R but disagrees with the conclusion that Defendant Kleman violated Plaintiff's constitutional right to remain free from excessive force. That is the only portion of the Magistrate Judge's R & R as to which Defendant's filed objections, which the Court will sustain.

The facts related to the excessive force issue include that officers of the Lima Police Department ("LPD") attempted to arrest Plaintiff in his home; that he resisted that arrest and had to be subdued and handcuffed; and that his resistance continued during his booking and while being taken to a cell at the LPD. He was handcuffed while being taken to his cell, was far from subdued or restrained in his actions and received a small laceration on his face as a result of being subdued on a concrete "bed" in the "drunk tank" while resisting the officers attempts to remove his handcuffs. Excessive force claims are analyzed under the Fourth Amendment's reasonableness standard; Plaintiff must show that the actions of the Defendants were unreasonable. *Scott v. Clay county, Tennessee,* 205 F.3d 867, 876 (6th Cir. 2000), *cert. denied*, 121 S.Ct. 179 (2000)(citing *Graham v. Connor*, 490 U. S. 386, 397, 109 S.Ct. 1865 (1989).

Defendants in their objections claim that the actions of Defendant Kleman were not unreasonable and thus no constitutional violation should be found to have occurred.

Clearly, Plaintiff's actions in physically and actively resisting the officers' efforts to un-handcuff him created the atmosphere in which the struggle to complete taking off the cuffs occurred and the resultant minor injury was inflicted. The Court agrees with Defendants that Officer Kleman was attempting to exert some level of control over an unruly suspect, the Plaintiff.

> The Sixth Circuit has noted as follows:
>
> A contrary conclusion would invite any third party who is unhappy about an arrest to resist that arrest, however mildly, hoping an officer would simply desist rather than chance violating that party's constitutional rights. This is simply an unacceptable alternative. For us to "fine-tune" the situation arising in Plaintiff's home on the morning of March 8, 2001, from the warm comfort of our chambers would undercut the *necessary* element of judgment inherent in Officer Noble's attempt to control a volatile chain of events. *See Brown v. Gilmore*, 278 F.3d 362, 369-70 (4th Cir. 2002). "Judged from the perspective of a reasonable officer on the scene, rather than with the 20/20 vision of hindsight," *Graham*, 490 U.S. at 396, Officer Noble's actions did not violate Plaintiff's Fourth Amendment rights.

*Dunnigan v. Noble,* 390 F.3d 486, 495 (2004). It is against this background that the Court must determine whether the use of force in this case was reasonable and "must consider whether the officers' actions are 'objectively reasonable' in light of the facts and circumstances confronting them, without regard to their underlying intent or motivation." *Ingram v. City of Columbus,* 185 F.3d 579, 596 (6th Cir. 1999). Whether Officer Kleman's actions were reasonable must be judged objectively, under *Graham*, which inquiry has been established by that case:

> The 'reasonableness' of a particular use of force must be judged from the perspective of a reasonable officer on the scene, rather than with the 20/20 vision of hindsight. . . . *Not every push or shove*, even if it may later seem unnecessary in the peace of a judge's chamber, violates the Fourth Amendment. The calculus of reasonableness must embody allowance for the fact that police officers are often

>forced to make split-second judgments in circumstances [**16] that are tense, uncertain, and rapidly evolving--about the amount of force that is necessary in a particular situation.

*Id.* at 396-97 (internal quotation and citation omitted) (emphasis added); *accord Saucier* 533 U.S. at 204-05.

With the foregoing in mind, the Court cannot find that the force used here was excessive. The significant physical resistance demonstrated by Plaintiff from the beginning of the arrest cycle until the end, when the incident occurred, suggests that the amount of force used was appropriate and not excessive.

Except for the finding of use of excessive force, the remainder of the Magistrate Judge's R & R is adopted in full and the motion for summary judgment filed by the Defendants is granted and this case dismissed with prejudice. Further, the Court certifies that pursuant to 28. U. S.C. § 1915(a)(3) an appeal from this decision could not be taken in good faith.

IT IS SO ORDERED.

    s/ *David A. Katz*
DAVID A. KATZ
SENIOR U. S. DISTRICT JUDGE